FILED
July 22, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: DT
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | **SEALED** Case No: EP:26-CR-01813-DCG |
| **Plaintiff,** | § | |
| | § | |
| | § | **INDICTMENT** |
| **v.** | § | |
| | § | **CT 1: 21:846 & 841(a)(1)-Conspiracy to** |
| **KRISTIAN OSWALDO OCHOA,** | § | **Possess a Controlled Substance with** |
| | § | **Intent to Distribute;** |
| **Defendant.** | § | |
| | § | **CT 2: 21:841(a)(1)-Possession with** |
| | § | **Intent to Distribute a Controlled** |
| | § | **Substance;** |
| | § | |
| | § | **CT 3: 21:841(a)(1)-Possession with** |
| | § | **Intent to Distribute a Controlled** |
| | § | **Substance.** |
| | | |
| | | ***Notice of Government's Demand for Forfeiture*** |

THE GRAND JURY CHARGES:

**COUNT ONE**
(21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)(vi))

That beginning on or about April 7, 2026, and continuing through and including on or about May 7, 2026, in the Western District of Texas, the Defendant,

**KRISTIAN OSWALDO OCHOA,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide

(otherwise known as fentanyl), a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) and the quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl) involved in the conspiracy and attributable to Defendant as a result of Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to Defendant is 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), all in violation of Title 21, United States Code, Section 846, 841(a)(1) and 841(b)(1)(A)(vi).

**COUNT TWO**
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(vi))

That on or about April 7, 2026, in the Western District of Texas, the Defendant,

**KRISTIAN OSWALDO OCHOA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

**COUNT THREE**
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(vi))

That on or about May 7, 2026, in the Western District of Texas, the Defendant,

**KRISTIAN OSWALDO OCHOA,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 400 grams or more of a mixture or substance containing a detectable amount of

N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (otherwise known as fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1)

and 841(b)(1)(A)(vi).

**NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE**
**[*See* Fed. R. Crim. P. 32.2]**

**I.**
**Drug Violations and Forfeiture Statutes**
**[Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vi),**
**subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1) and (2)]**

As a result of the criminal violations set forth above, the United States gives notice to Defendant **KRISTIAN OSWALDO OCHOA** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which state:

> **Title 21 U.S.C. § 853. Criminal Forfeitures**
> **(a) Property subject to criminal forfeiture**
> * * *
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

This Notice of Demand for Forfeiture includes but is not limited to the money judgment described in Paragraph II.

**II.**
**Money Judgment**

A sum of money that represents the amount of proceeds obtained by the Defendant, directly or indirectly, as a result of the offenses set forth above, and the value of property used to facilitate, or intended to be used to facilitate the commission of the offenses, for which Defendant **KRISTIAN OSWALDO OCHOA** is solely liable.

**Substitute Assets**

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendant up to the value of the forfeitable property.

A TRUE BILL.

[redacted]

FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY: ______________________
Assistant U.S. Attorney